IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| NORRIS DWAYNE ROCHELLE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 1:23CV781 |
| ) | |
| JULIE CATHERINE BOYER, ) | |
| ) | |
| Defendant(s). ) | |

ORDER AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff, a detainee in the Forsyth County Jail, submitted a *pro se* complaint under 42 U.S.C. § 1983 and requests permission to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a). Plaintiff names an attorney appointed to represent him, Julie Catherine Boyer, as the only Defendant. The Complaint alleges that she is not representing him properly. The Complaint claims that she is a state actor because she is paid by the state for his representation, and Plaintiff demands $350,000 in damages.

Because Plaintiff alleges that he is "a prisoner seek[ing] redress from a governmental entity or officer or employee of a governmental entity," this Court has an obligation to "review" this Complaint. 28 U.S.C. § 1915A(a). "On review, the court shall . . . dismiss the complaint, or any portion of the complaint, if [it] – (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

Applicable here, a plaintiff "fails to state a claim upon which relief may be granted," 28 U.S.C. § 1915A(b)(1), when the complaint does not "contain sufficient *factual matter*, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (emphasis added) (internal citations omitted) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. In other words, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.[1]

Here, Plaintiff names his defense attorney and claims that because she is paid by the state to represent him, she is a state actor. However, defense attorneys do not act "under color of" state law and are, therefore, not amenable to suit under § 1983, whether the attorney is privately retained, Deas v. Potts, 547 F.2d 800, 800 (4th Cir. 1976), appointed by the state, Hall v. Quillen, 631 F.2d 1154, 1155-56 (4th Cir. 1980), or employed as a

---

[1]Although the Supreme Court has reiterated that "[a] document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal citations and quotation marks omitted), the United States Court of Appeals for the Fourth Circuit has "not read Erickson to undermine Twombly's requirement that a pleading contain more than labels and conclusions," Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (internal quotation marks omitted) (applying Twombly standard in dismissing pro se complaint); accord Atherton v. District of Columbia Off. of Mayor, 567 F.3d 672, 681-82 (D.C. Cir. 2009) ("A *pro se* complaint . . . 'must be held to less stringent standards than formal pleadings drafted by lawyers.' But even a *pro se* complainant must plead 'factual matter' that permits the court to infer 'more than the mere possibility of misconduct.'" (quoting Erickson, 551 U.S. at 94, and Iqbal, 556 U.S. at 697, respectively)).

public defender, Polk County v. Dodson, 454 U.S. 312, 324 (1981). For this reason, Plaintiff cannot pursue this claim via § 1983 and, if he has a remedy against his attorney, he must find it under the appropriate state law. His current Complaint fails to state a claim for relief and should be dismissed.

The Court notes that Plaintiff filed a Motion to Amend [Doc. #4], but did not add any defendants or address or correct these issues. Therefore, these same issues remain even if the proposed Amendment is considered, and the Complaint as Amended still fails to state a claim for relief. Therefore, the Motion to Amend should be denied.

As a result, Plaintiff's request to proceed *in forma pauperis* should not be authorized, with the exception that *in forma pauperis* status shall be granted for the sole purpose of entering this Order and Recommendation.

Plaintiff has submitted the Complaint for filing, however, and, notwithstanding the preceding determination, § 1915(b)(1) requires that he make an initial payment of $30.50. Failure to comply with this Order will lead to dismissal of the Complaint.

IT IS THEREFORE ORDERED that *in forma pauperis* status be granted for the sole purpose of entering this Order and Recommendation.

IT IS FURTHER ORDERED that within twenty (20) days from the date of this Order Plaintiff make an initial filing fee payment of $30.50.

IT IS FURTHER ORDERED that Plaintiff's trust officer shall be directed to pay to the Clerk of this Court 20% of all deposits to his account starting with the month of

3

November of 2023, and thereafter each time that the amount in the account exceeds $10.00 until the $350.00 filing fee has been paid.

IT IS RECOMMENDED that the Motion to Amend [Doc. #4] be denied and that this action be dismissed pursuant to 28 U.S.C. § 1915A for failing to state a claim upon which relief may be granted.

This, the 31st day of October, 2023.

/s/ Joi Elizabeth Peake  
United States Magistrate Judge